UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Daniel James** **Docket No. 7:23-CR-78-1D**

**Petition for Action on Supervised Release**

COMES NOW John P. Nasuti, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Daniel James, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute a Quantity of a Mixture of a Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(b)(1)(C) and 841(a)(1), and Distribution of a Quntity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on April 17, 2024, to the custody of the Bureau of Prisons for a term of 36 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Daniel James was released from custody on April 22, 2025, at which time the term of supervised release commenced.

On January 6, 2026, the case was reassigned to the Honorable James C. Dever III, United States District Judge.

On January 21, 2026, a Petition for Action on Supervised Release was submitted to the court requesting the defendant participate in mental health and substance abuse treatment as requested by the defendant. The court ordered the same.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is

not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

On April 28, 2026, the defendant was enrolled into the Surprise Urinalysis Program (SUP). The defendant has failed to report for scheduled urinalysis testing on May 12, 2026; July 7, 2026; July 27, 2026; August 4, 2026; August 31, 2026; and September 21, 2026. On October 1, 2026, the defendant was given a verbal warning for these missed appointments. The defendant then failed to report again for scheduled urinalysis testing on October 5, 2026; October 20, 2026; and November 2, 2026. Furthermore, the defendant possessed methamphetamine as evidenced by the test conducted on November 3, 2026, that yielded positive for methamphetamine. Laboratory confirmation reports further verified that the specimen tested positive for methamphetamine and the defendant admitted to using methamphetamine. As a result of the defendant's conduct it is recommended that the defendant be placed on a curfew, monitored by electronic monitoring, for 60 days. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above. The defendant has also signed a Waiver of Hearing agreeing to the below requested modification.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect. The defendant has also signed a Waiver of Hearing agreeing to the below requested modification.

**FURTHER PRAYING THAT THE COURT WILL ORDER** that the conditions of supervision be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to residence during the curfew hours. The defendant shall submit to the following Location Monitoring: GPS monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Mindy L. Threlkeld
Mindy L. Threlkeld
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ John P. Nasuti
John P. Nasuti
U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-4290
Phone: 910-679-2056
Executed On: November 24, 2026

## ORDER OF THE COURT

Considered and ordered this 24 day of November, 2026, and ordered filed and made a part of the records in the above case.

J. Dever
James C. Dever III
United States District Judge